IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HALEY LEWIS, on behalf of herself and others similarly situated** | : <br> : <br> : |
| Plaintiff, | : **Civil Action No.:** <br> : |
| v. | : <br> : |
| **CLEARVIEW HEALTH LLC** | : **JURY TRIAL DEMANDED** <br> : |
| Defendant. | : <br> : <br> : <br> : |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Haley Lewis ("Representative Plaintiff") by and through Counsel, for her Complaint against Defendant Clearview Health LLC ("Defendant") alleges as follows:

### INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action pursuant to 29 U.S.C. § 216(b), which provides that "[an] action to recover the liability" prescribed by the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to § 216(b). Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit "A."**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in the Eastern District of Pennsylvania and is a resident of the Eastern District of Pennsylvania.

## PARTIES

5. Representative Plaintiff is a United States Citizen who was employed by Defendant within the last three years.

6. Defendant is a Limited Liability Company organized under the laws of the state of Pennsylvania. Defendant can be served at its registered legal address, 175 Strafford Ave. Suite 1703, Wayne, PA 19087-3317.

7. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant employed Representative Plaintiff and others

similarly situated as hourly, non-exempt employees.

12. At all relevant times, Representative Plaintiff and other similarly situated employees routinely worked 40 or more hours per workweek, thus entitling them to overtime.

13. At all relevant times, Defendant had a policy that required Representative Plaintiff and other similarly situated employees to be fully prepared to take customer calls at the precise start time of their scheduled shift.

14. However, before they could take customer calls, Defendant's processes required Representative Plaintiff and other similarly situated employees to boot up and log into Defendant's computer system and software applications including but not limited to Defendant's TLD or "dialer" system.

15. Because Representative Plaintiff and other similarly situated employees had to be ready to work at the exact start time of their shift, they had to perform all these tasks prior to the start of their shift. Though these activities were integral and indispensable to the work to be performed, Defendant did not compensate Representative Plaintiff and the other similarly situated employees for the time they spent performing these tasks prior to the start of their respective shifts.

16. Defendant also maintained a policy of failing to compensate employees for time spent engaged in short rest periods of 20 minutes or less. Pursuant to the FLSA regulations, such short breaks promote employee efficiency and "must be counted as hours worked." 29 CFR § 785.18.

17. Additionally, during the course of the workday, Representative Plaintiff and other similarly situated employees were required to be in one of several "statuses" as defined by Defendant's operational software. When not actively taking customer calls, Defendant required

employees to be in the "pause" status.

18. Thus, the "pause" status was used when the employees were engaged in non-compensable activities such as taking a *bona fide* meal break within the meaning of the FLSA. Critically, however, Defendant also required the "pause" status to be used when employees were engaged in compensable activities such as attending mandatory daily meetings and when taking compensable breaks of less than 20 minutes during the day.

19. Defendant regularly failed to compensate employees for all the compensable time Representative Plaintiff and similarly situated employees spent in "pause" status.

20. As a result of Defendant's policy of failing to pay its employees for all compensable time worked, Defendant failed to pay Representative Plaintiff and other similarly situated employees for all of their overtime in the weeks in which they worked over 40 hours.

21. Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

22. The unpaid work described above performed by Representative Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

23. There was no practical administrative difficulty of recording the above-referenced unpaid work by Representative Plaintiff and other similarly situated employees, and Defendant could have precisely recorded the time for payroll purposes.

24. The above-referenced unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

25. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Representative Plaintiff and other similarly situated employees.

26. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> All current and former hourly, non-exempt employees employed by Defendant at any time in the three years preceding the date of the filing of this Action to the present who worked 40 or more hours in any workweek.

29. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

30. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

31. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## COUNT I
### (FLSA Overtime Violations)

32. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

34. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

35. As non-exempt employees, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

36. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members for all hours worked in excess of forty (40) in a workweek.

37. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

38. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

39. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section

216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## JURY DEMAND

Plaintiff respectfully requests a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Members;

C. Award compensatory damages to Representative Plaintiff, the FLSA Collective Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the FLSA Collective Members pre-judgment and post-judgment interest at the statutory rate; and

E. Award Representative Plaintiff and the FLSA Collective Members their costs and attorney's fees incurred in prosecuting this action.

F. Award Representative Plaintiff and the FLSA Collective Members any further relief to which they are entitled that the Court deems equitable and just.

DATED: August 16, 2024

Respectfully Submitted,

ND GALLI LAW LLC

*/s/ Nicole D. Galli*

_____

Nicole D. Galli (PA ID 78420)
Andrew J. Costa (PA ID 332245)
Kelley Bregenzer (PA ID 335252)
One Liberty Place
1650 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: (215) 525-9580
Facsimile: (215) 525-9585
ndgalli@ndgallilaw.com
ajcosta@ndgallilaw.com


Christopher J. Lalak (*Pro Hac Vice* to be filed)
Anna M. Jadue (*Pro Hac Vice* to be filed)
LALAK LLC
1991 Crocker Rd.
Suite 600-748
Westlake, OH 44145
Telephone:     (440) 892-3380
E-mail: clalak@employmentlawohio.com
            ajadue@employmentlawohio.com


*Attorneys for Haley Lewis*